# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
MATT FOSTER,

              Plaintiff,                               Index No.:

              - against -                          **SUMMONS**

UNITED PARCEL SERVICE OF AMERICA, INC.
AND UPS FREIGHT, INC.,

              Defendants.
-------------------------------------------------------------------X

        YOUR ARE HEREBY SUMMONED to answer the Complaint in the above entitled action

and to serve a copy of your Answer on the Plaintiffs' attorneys within twenty (20) days after the

service of this Summons, exclusive of the day of service, or within thirty (30) days after completion

of service where service is made in any other manner than by personal delivery within the State.

The United States of America, if designated as a Defendant in this action, may answer or appear

within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded in the Complaint.

        Orange County is designated as the place of trial. The basis of venue is the location of the

Plaintiff's residence.


Dated: Florida, New York
          January 10, 2018

                                By: _____
                                    Joseph J. Ranni, Esq.
                                    RANNI LAW FIRM
                                    148 North Main Street
                                    Florida, New York 10921
                                    Phone: (845) 651-0999
                                    *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
MATT FOSTER,

                            Plaintiff,                  Index No.:

        - against -                          **COMPLAINT**

UNITED PARCEL SERVICE OF AMERICA, INC.
AND UPS FREIGHT, INC.,

                        Defendants.
-------------------------------------------------------------------X

       Plaintiff, MATT FOSTER, by her attorneys, RANNI LAW FIRM, complains as follows:

## THE PARTIES

1.     At all times relevant hereafter mentioned, Plaintiff is an individual with a residence in Orange County, State of New York.

2.     Upon information and belief, UNITED PARCEL SERVICE OF AMERICA, INC. and UPS FREIGHT, INC. (hereafter "UPS" as "Defendants"), the defendant herein, at all times hereinafter mentioned, was and still is a corporation duly authorized to do business under the laws of the State of New York.

3.     Upon information and belief, Defendants herein, at all times hereinafter mentioned, was and still is a foreign corporation duly authorized to do business under the laws of the State of New York.

4.     At all times hereinafter mentioned, Defendants was an employer as defined by New York State Executive Law § 292.

## JURISDICTION AND VENUE

5.     This action arises under New York State Executive Law § 296 *et seq.*

6.     Venue is based on the residence of Plaintiff.

## SUMMARY OF CLAIMS

7.     Plaintiff is a qualified individual with a disability, having suffered a Traumatic Brain Injury ("TBI") in his youth. Notwithstanding, at all times he was able to perform the essential job functions as a Tractor Trailer Driver with or without reasonable accommodation that was not an undue hardship upon his employer.

8.     As of November 10, 2017, Plaintiff has been constructively discharged from employment with Defendants as a result of his disability upon Defendants demanding he obtain a medical note that would state he could perform all duties and responsibilities of his position without accommodation. This was the second time this year Defendants' locked Plaintiff out of work for such a reason. In April 2017, Plaintiff provided a medical note sufficient for him to return to work with minor accommodation. Essentially, if there was a change in his route or a delivery required special instructions he would need additional time and assistance to understand the change.

9.     Notwithstanding, Defendants would not accept the accommodations and Plaintiff was challenged to do his job "the same as everyone else". Defendants failed to engage in an appropriate interactive process and ignored his complaints that his need for accommodation was being ignored.

10.     Plaintiff's complaints continue to be ignored. He has been off payroll, and has not been paid accrued time since November 10, 2017. His benefits were discontinued effective November 19, 2017, yet he was never sent COBRA information. While Plaintiff has been required to seek public assistance for his young family with minor children, the Defendants refused to confirm Plaintiff was no longer employed and disputed his claim for unemployment as well.

11.     As a result, Plaintiff has suffered negative employment actions motivated by discrimination based upon his disability; need for accommodation and being regarded as disabled.

## STATEMENT OF FACTS

12.     In September 2012, Plaintiff was hired by Defendants and performed services as a Tractor Trailer Driver up to the time of his constructive termination on November 10, 2017.

13.     Plaintiff has a traumatic Brain Injury that caused and still causes, intellectual limitations which are obvious.  Notwithstanding, Plaintiff is able to perform all job duties and responsibilities of his position through needs additional time and sometime repetitive instructions if there is a change in his route or unique circumstances.

14.     Mr. Foster is a qualified individual with a disability and protected pursuant to Federal and State statutes and regulations.  Plaintiff has been prejudiced relative to obtaining an accommodation; a good faith and expeditious Interactive Process; and apparently disparate discipline and/or working conditions motivated by discriminatory animus.

15.     The documented need for accommodation has long been established and reaffirmed in July 2017 after Plaintiff was suspended for three (3) months, five (5) weeks of which were after supporting documentation was submitted and four (4) weeks after Mr. Foster provided a supplemental report that had been requested.  As a result, Mr. Foster unnecessarily suffered lost wages, inclusive of overtime of approximately $5,300.00 and emotional distress due to the summary loss of employment; income and additional medical evaluations to return to work

16.     On December Defendants repeated their request for the same information Plaintiff previously provided.  The request was made _after_ Plaintiff was told he was being terminated for following confusing instructions concerning a delivery to a company that was closed on the day the delivery had supposedly been scheduled and confirmed. However, we understand no discipline has been formally commenced consistent with the union collective Bargaining Agreement.

17.     Considering the drastic nature of the proposed discipline relative to the purported infraction, we understand that Plaintiff is subjected to disparities in working conditions; assignments and particularly discipline.  Notably, despite Plaintiff being off payroll to our knowledge, there has been no notification in writing as required by the CBA Art. 6, Sect. 2.

18.     While reserving his rights, Plaintiff's goal is to receive reasonable accommodations concerning instruction and extra time when there is an alteration in plans or complicated matters.  As his treatment providers previously reported, there are no _tasks_ he can't perform, it is the understanding of the task and additional time as may be needed to perform the task that is at the crux of the accommodation.   Notwithstanding the above, we are currently not in possession of any UPS handbooks, guideline or protocols relative to reasonable accommodation.

19.     Upon information and belief, Plaintiff termination was motivated by discrimination based upon his disability; need for reasonable accommodation and/or a perception that Plaintiff was disabled from employment.  At no time did Defendants engage in an appropriate interactive process or consider any accommodation of Plaintiff.

20.     As a result, thereof, Plaintiff suffered discrimination as a result of the conduct of the Defendants, their agents, servants or employees despite Plaintiff's ability

to perform the essential job functions with or without reasonable accommodation. Defendants' conduct was motivated by discriminatory animus towards Plaintiff's disability; accommodation and/or as a result of Plaintiff's history and/or record of disability; and/or being regarding as disabled.

21.     Defendants discriminated and retaliated against Plaintiff concerning duties and responsibilities; accommodation and other disparities concerning the terms, conditions and privileges of employment.

22.

## FIRST CLAIM OF RELIEF ON BEHALF OF PLAINTIFF

23.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

24.     By reason of the foregoing discrimination, Defendants have violated New York State Executive Law § 296 *et seq.*

25.     Plaintiff is entitled to $7,500,000.00 consisting of back pay; front pay; compensatory damages; damages for emotional distress; costs and disbursements; and any other relief which Plaintiff may be entitled under the law.

## SECOND CLAIM OF RELIEF ON BEHALF OF PLAINTIFF

26.     Plaintiff repeats and realleges each of the foregoing allegations as if set forth herein in full.

27.     By reason of the foregoing retaliation, Defendants have violated New York State Executive Law § 296 *et seq.*

28.  Plaintiff is entitled to $7,500,000.00 consisting of reinstatement; back pay; front pay; compensatory damages; damages for emotional distress; costs and disbursements; and any other relief which Plaintiff may be entitled under the law.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants for all wages, other compensation and lost benefits from the time of her first termination through the time of judgment; lost future wages and benefits; compensatory damages, lost pension benefits, emotional distress, reasonable attorney's fees incurred in the prosecution of this action, for punitive damages, for the costs of this action to be taxed against the Defendants, and for such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: Florida, New York
       January 10, 2018

Yours, etc.,

RANNI LAW FIRM

By: JOSEPH J. RANNI, ESQ.
Attorneys for Plaintiff
148 North Main Street
Florida, New York 10921
(845) 651-0999