USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MATTHEW J. FOSTER,

        Plaintiff,

-against-

UPS FREIGHT, INC.,

        Defendant.

AMENDED DECISION AND ORDER

18 Civ.1706 (NSR)(LMS)

-----------------------------------------------------------------X

MATTHEW J. FOSTER,

        Plaintiff,

-against-

UNITED PARCEL SERVICE OF AMERICA, INC.,

        18 Civ.10294(NSR)(LMS)
        18 Civ.10925(NSR)(LMS)
        19 Civ.06501(NSR)(LMS)

Defendant.

-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

    Plaintiff Matthew J. Foster ("Plaintiff" or "Foster") commenced four separate actions, 18 Civ. 1706 ("*Foster I*"), 18 Civ. 10294 ("*Foster II*"), 18 Civ. 10925 ("*Foster III*") and 19 Civ. 6501 ("*Foster IV*") asserting multiples claims sounding in, *inter alia*, disability-based discrimination and retaliation against his former employer(s) identified as either UPS Freight, Inc. ("UPS Freight") and/or United Parcel Service of America, Inc. ("UPS America") ("Defendant").[1] Defendant filed a motion to dismiss *Foster II, III* and *IV* as

---

[1] *Foster I* originally named two defendants UPS America and UPS Freight but in accordance in accordance with the parties' joint stipulation filed on April 27, 2018, UPS America was dismissed from the action with prejudice, and the parties stipulated that UPS Freight was Plaintiff's employer. (ECF No. 14, *Foster I*.) Nonetheless, *Foster II, III,* and *IV* all name the sole defendant UPS America even though the actions were filed after the joint stipulation. To the extent any discovery requests show USA America as an employer, Plaintiff may assert such

1

duplicative and for sanctions (ECF No. 25, *Foster II*; ECF No. 24, *Foster III*; ECF No. 23, *Foster IV*), and Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 60, *Foster I*.) The motions were referred to Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R"). On September 4, 2020, MJ Smith issued an R & R recommending that Defendant's motion to dismiss be granted in part and denied in part, the motion for sanctions be denied, and Plaintiff's motion for leave to file an amend complaint be granted. (ECF No. 78, *Foster I*.) For the following reasons, the Court adopts the R & R in its entirety.

**STANDARD OF REVIEW**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. § 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting

---

requests to the entity UPS Freight, which was named as the "true and correct Defendant" in the joint stipulation filed in *Foster I*. (*Id.*)

2

*Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72, Adv. Comm. Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those objections must be reviewed de novo. 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, No. 04 Civ. 5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04 Civ. 5066 HB FM, 2008 WL 772568 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03 Civ 1446 LTS HBP, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007), *aff'd*, 308 F. App'x 560 (2d Cir. 2009) (citation omitted). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds*, 262 F. Supp. 2d at 169; *accord Caidor*, 517 F.3d at 604; *see also* Fed. R. Civ. P. 72, Adv. Comm. Notes (1983).

## DISCUSSION

Defendant UPS America filed a timely objection to the R & R. In its' objections, Defendant raises the same arguments asserted in support of its motions to dismiss and for sanctions, and in opposition to Plaintiff's motion to amend. Specifically, Defendant UPS America asserts that the subsequent actions (*Foster II, III, and IV*) constitute duplicative actions, meaning actions which assert the same claims that have been asserted in *Foster I*. Thus, Defendant asserts that the Court should exercise its discretion and dismiss those claims which are deemed duplicative. (ECF No. 36.) When a party objects to an R & R and simply

3

reiterates the original arguments raised in its motion papers, the district court will review the R & R strictly for clear error. After careful review of the R&R , the Court finds no clear error.[2]

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. As detailed in the R & R: Defendant UPS America's motion to dismiss is granted in part and denied in part. That portion of the motion seeking to dismiss *Foster II* as duplicative of *Foster I* is DENIED in its entirety. The motions to dismiss *Foster III* and *IV* as duplicative are DENIED as to any claims arising from allegations related to Plaintiff's alleged pre-textual termination in July 2018. That portion of the motion(s) seeking to dismiss *Foster II* and **_IV_** for naming the wrong defendant/employer is granted without prejudice to Plaintiff's right to re-plead UPS America's single employer liability in *Foster II* and *IV* within 60 days of this order. Failure to timely re-plead may result in the outright dismissal with prejudice of *Foster II* and **_IV._** The motion to dismiss *Foster III* for naming the wrong defendant and as pre-empted by the Labor Management Relations Act ("LMRA") is denied, however, since the non-duplicative claims in *Foster III* are encompassed within Plaintiff's proposed Fourth Amended Complaint in *Foster I*, wherein UPS Freight is the named defendant, *Foster III* is deemed DISMISSED. Further, assuming *Foster II* and *IV* are properly re-plead, the remaining actions are consolidated.

Lastly, discovery is stayed pending Plaintiff's exhaustion of administrative remedies before the United States Equal Employment Opportunity Commission (" EEOC") with respect to his proposed new ADA claims against UPS Freight concerning the alleged events of December 2019, January 2020, and April 2020. Within 21 days of this Order and every 30 days thereafter, Plaintiff is directed to notify the Court of the status of his claims before the EEOC.

---

[2]To the extent Defendant's arguments can be deemed to have been clearly aimed at particular findings in the R & R and not deemed duplicative, the Court conducts *de novo* review, and upon such review adopts the analysis and conclusions reached by MJ Smith as memorialized in the R & R.

The Clerk of the Court is respectfully requested to terminate the motions at: (1) ECF No. 25, Index No. 18 Civ. 10294 ; (2) ECF No. 24, Index No. 18 Civ. 10925 ; (3) ECF No. 23, Index No. 19 Civ. 6501; and (4) ECF No. 60, Index No. 18 Civ. 1706. The Clerk of the Court is also directed to terminate the action bearing Index No. 18 Civ. 10925.

Dated: March 4, 2022
      White Plains, New York

SO ORDERED.

_____
NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE