UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MATT FOSTER,

                  Plaintiff,         **ORDER**

      -against-         18-cv-1706 (NSR) (AEK)

UPS GROUND FREIGHT, INC., UNITED PARCEL
SERVICE OF AMERICA, INC., and T FORCE
FREIGHT, INC.,

                  Defendants.
-------------------------------------------------------------X
-------------------------------------------------------------X
MATT FOSTER,
                  Plaintiff,

      -against-         18-cv-10294 (NSR) (AEK)
                                       19-cv-6501 (NSR) (AEK)

UNITED PARCEL SERVICE OF AMERICA, INC.,

                  Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       Defendant TForce Freight, Inc. ("TForce"), with Plaintiff's consent, seeks an order from the Court, directing the production of mental health care records for the treatment provided to Plaintiff's deceased son, Matthew Robert Foster. ECF No. 157. In its letter to the Court, TForce explained the relevance of these records as follows:

> Plaintiff claims Defendant UPS Freight discriminatorily terminated him in July 2018, which caused Plaintiff to lose access to his company health insurance. Plaintiff claims that he suffered significant emotional distress because his lack of private health insurance prevented him from accessing mental health care for his son, who subsequently committed suicide in November 2019. Based on conversations with Plaintiff's counsel, it appears that Plaintiff's alleged emotional distress damages will form a primary basis for any financial recovery he may seek in his lawsuit. Plaintiff has also indicated his intent to seek an expert regarding his alleged emotional distress.

*Id.* at 1 (footnote omitted).

At his deposition, Plaintiff identified his son's mental health care providers prior to his son's death and both before and after Plaintiff's termination from his employment in July 2018. *Id.* at 2.  TForce then subpoenaed the mental health care records for Plaintiff's son for the period from January 1, 2016, to January 1, 2020, from Mental Health America of Dutchess County in Poughkeepsie, New York; Westchester Medical Center in Valhalla, New York; Vassar Brothers Medical Center in Poughkeepsie, New York (through a registered agent in Connecticut); and Arms Acres in Carmel Hamlet, New York.  *See id.* at 2 & n.2.  One of the providers declined to produce these records, citing the restrictions set forth in New York Mental Hygiene Law § 33.13. *Id.* at 2 & Ex. 1.

New York's Mental Hygiene Law provides that certain mental health care records shall not be released, except "pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality . . . ."  N.Y. Mental Hygiene Law § 33.13(c)(1).  The Court finds that here the interests of justice warrant the disclosure of the mental health care records called for in TForce's subpoenas, as they form a substantial basis for one of TForce's defenses to one of Plaintiff's most significant bases for damages in this litigation.

Accordingly, the Court hereby ORDERS Mental Health America of Dutchess County, Westchester Medical Center, Vassar Brothers Medical Center, and Arms Acres to produce any mental health care records in their possession for **Matthew Robert Foster** for the period from January 1, 2016, to January 1, 2020.

Dated: January 12, 2024
      White Plains, New York

                                            **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge