# HUNTON

HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL   804 • 788 • 8200
FAX   804 • 788 • 8218

REILLY MOORE
DIRECT DIAL: 804 • 788 • 8409
EMAIL: rmoore@hunton.com

December 15, 2025

**Via ECF**

Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601

> **RE:    Foster v. United Parcel Service of America, et. al., 7:18-cv-1706**
> **Plaintiff's Rule 60 Motion to Correct the Record**

Dear Judge Román:

Defendants United Parcel Service of America, Inc. ("UPS") and TForce Freight, Inc. ("TForce") submit this Motion to Vacate the Court's Order of December 11, 2025, which granted Plaintiff's Motion to Correct the Record ("Motion"), filed on December 10, 2025, before Defendants could respond. Defendants respectfully request that that the Court vacate the Order and deny Plaintiff's motion. Plaintiff's Motion is an improper attempt to insert evidence into an appellate record that was not before this Court when it granted summary judgment, which is not permitted by any legal authority. Indeed, even under the Federal Rule cited by Plaintiff, this Court was without jurisdiction to enter such relief. *See* Fed. R. Civ. P. 60(a) (requiring leave of the appellate court).

In February 2025, Defendants pointed out in their reply briefs that Plaintiff's opposition to their motions for summary judgment purported to cite to "evidence" that was not attached to his briefs.[1] Even so, Plaintiff made no attempt to supply that evidence to the Court at any point in the four months before disposition of the summary judgment motions. Nor did he try to do so after the Court issued its opinion and order granting the motions. Instead, Plaintiff simply noted his appeal to the Second Circuit on July 23, 2025. Now, more than four months into the appeal and just nine days before Plaintiff was due to file his appellate brief, Plaintiff seeks to

---

[1] *See* ECF No. 199 at n.1 ("Plaintiff failed to introduce any evidence "in the record" . . . . *Plaintiff purported to cite certain documents, but attached no exhibits to his opposition papers* when he served them on Defendants."); ECF No. 200 at 2 ("Plaintiff purported to cite certain documents, *but he attached no actual exhibits to his opposition papers* when he served them on Defendants.").

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/16/2025

MEMO ENDORSED

# HUNTON

Hon. Nelson S. Roman
December 15, 2025
Page 2

inject into the record materials that were never before this Court, "*so that [Plaintiff's] appellate counsel may cite to them in support of the appeal* of this Court's summary judgment order." ECF No. 206-1 at ¶ 3 (emphasis added).

Plaintiff's motion does not cite any rule that would permit such extraordinary relief. In his notice of motion and affirmation, Plaintiff cites "Rule 60(1)(6)", "Rule 60(1)", and "Rule 60(6)"—none of which exist. To the extent that Plaintiff is moving under Fed. R. Civ. P. 60, that is a non-starter. Rule 60(a) permits the Court to correct "a clerical mistake or a mistake arising from oversight or omission" in a "judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). But Plaintiff does not seek correct a "clerical mistake" in the record. Instead, he seeks to change the record by injecting new evidence that was never before this Court.

Not only does Rule 60(a) not permit such a revision of the record, but where, as here, a case is on appeal, Rule 60(a) expressly requires leave of the appellate court for any correction of the record: "after an appeal has been docketed in the appellate court and while it is pending, such a mistake *may be corrected only with the appellate court's leave*." Fed. R. Civ. P. 60(a) (emphasis added); *see Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 151 (2d Cir. 2011) (district court's order granting Rule 60(a) motion without leave from the appellate court was "without effect"). Plaintiff did not seek, let alone obtain, leave from the Second Circuit to add new evidence to the record.

For these reasons, Defendants respectfully ask the Court to vacate its December 11, 2025 Order and deny Plaintiff's Motion to Correct the Record. Should the Court wish to address these issues through full briefing, Defendants stand ready to submit a memorandum at the Court's direction.[2]

Sincerely,

Reilly C. Moore

The Court vacates its prior December 11, 2025 order to allow the Defendants' a chance to reply to Plaintiff's Motion prior to making a decision on Plaintiff's motion. Defendants have until on or before January 5, 2026 to reply. The Clerk of Court is directed to terminate the motion at ECF No. 208 and to strike ECF No. 207 from the record.

Dated: December 16, 2025
    White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

cc:    All parties of record

---

[2] Given the short time period in which Defendants have had to file this letter motion, Defendants respectfully reserve the right to raise additional arguments in any subsequent formal briefing, either at the district court or appellate court level.